**Milorad MARKOVIC, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72483.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 23, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**132**

Jose A. Bracamonte, Esq., Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Milorad Markovic, a native of Yugoslavia and citizen of Bosnia–Herzegovina, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming without opinion an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review a denial of asylum for substantial evidence. *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003). We deny the petition.

■ Substantial evidence supports the IJ's finding that Markovic did not establish past persecution. Markovic's thirty-two-hour detention and interrogation did not rise to the level of persecution, as he was not harmed and was allowed to receive food and water from his friends. *See Al–Saher v. INS,* 268 F.3d 1143, 1146 (9th Cir.2001) (holding that a five to six day detention, with no physical violence or threats, did not amount to persecution). Nor did any harassment Markovic suffered at the hands of police rise to the level of persecution. At most, there was one unfulfilled threat. Generally, a single unfulfilled threat, without more, does not establish a finding of past persecution. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002).

■ Substantial evidence also supports the IJ's finding that Markovic did not es-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tablish a well-founded fear of future persecution. The only person Markovic named as a harasser is now deceased. *See Rodriguez–Rivera v. U.S. Dept. of Immigration and Naturalization,* 848 F.2d 998, 1006 (9th Cir.1988) (finding that death of persecutor supports IJ's finding that petitioner had not established a well-founded fear of future persecution). Moreover, the record does not compel the conclusion that anyone in Bosnia–Herzegovina would try to locate or harm Markovic on account of a protected ground.

■ Similarly, Markovic's fear of reporting for service in the army reserves of the Republic of Srpska does not entitle him to asylum. *See Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996) (holding that a general requirement of conscription does not amount to persecution).

We do not reach Markovic's application for withholding of removal and relief under the Convention Against Torture because Markovic did not raise these claims before either the BIA or this Court. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**